**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TONY ASBERRY, | No. 09-15141 |
| Petitioner - Appellant, | D.C. No. 1:05-cv-00871-AWI-JMD |
| v. | |
| A.K. SCRIBNER, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief District Judge, Presiding

Argued and Submitted September 1, 2011
San Francisco, California

Before: WALLACE, BERZON, and BYBEE, Circuit Judges.

Petitioner Tony Asberry appeals from the district court's judgment denying

his habeas petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Asberry claims that Fresno County Jail interfered with his right to counsel

by refusing to provide him medication to treat his psychotic disorder. He argues

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

that the lack of medication in turn rendered his decision to waive his right to counsel involuntary in violation of the Sixth Amendment.  The California Court of Appeal denied Asberry's habeas petition for failure to state a prima facie case for relief.  *See People v. Duvall*, 886 P.2d 1252, 1258 (Cal. 1995) ("If no prima facie case for relief is stated, the court will summarily deny the petition.").  The question before us is whether, given the facts alleged by Asberry before the state court, the court's summary rejection of his claim was, in light of the entire state court record, an unreasonable application of federal law.  *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1400 n.12 (2011); 28 U.S.C. § 2254(d).

Asberry has a constitutional right to waive counsel, but the waiver must be voluntary.  *See Faretta v. California*, 422 U.S. 806, 835 (1975) (there must be a knowing and intelligent decision to forgo counsel after the defendant is informed of "the dangers and disadvantages of self-representation").  He must also be competent to waive his right to counsel.  *See Godinez v. Moran*, 509 U.S. 389, 400–01 (1993).

Asberry contends that his decision to proceed without counsel was not a "voluntary decision" but rather the "product of a delusion emanating from his untreated psychosis rather than his 'free will.'"  As evidence of that delusion, Asberry submitted doctors' reports and records of his medication that show he

2

suffered from a psychotic disorder. Asberry also submitted an Inmate Grievance Form he filed with prison officials, indicating that Asberry had made numerous requests to see doctors in the days leading up to his decision to waive counsel.

To the extent that Asberry contends his mental capacity influenced his decision to waive counsel, our analysis should focus on Asberry's competency to waive counsel, rather than whether he made a knowing and intelligent waiver of that right. *See Godinez*, 509 U.S. at 401 n.12 ("The focus of a competency inquiry is the defendant's mental capacity; the question is whether he has the *ability* to understand the proceedings."). If construed as such, it is clear that the trial judge considered Asberry's competency to proceed without counsel and determined that Asberry was competent to waive counsel. Because a trial judge "will often prove best able to make more fine-tuned mental capacity decisions, tailored to the individualized circumstances of a particular defendant" than will a reviewing court, a reviewing court should be hesitant to disrupt that finding. *Indiana v. Edwards*, 554 U.S. 164, 177 (2008). And although the record contains evidence of Asberry's symptoms, diagnoses and medications—all of which attest to Asberry's mental disorder—the record is devoid of any explanation as to *how* those factors affected (or did not affect) Asberry's ability to evaluate his counsel and make a voluntary waiver of his right to counsel. *Cf. Williams v. Woodford*, 384 F.3d 567, 609 (9th

3

Cir. 2004) ("The declarations [of mental-health experts] do not describe how Williams's probable mental impairment interfered with his understanding of the proceedings against him or with his ability to assist counsel in presenting a defense."). Consequently, the denial of his petition was not an unreasonable application of federal law.

But even if we agree that Asberry's challenge is to the voluntariness of his waiver, the result is no different. The purpose of the "'knowing and voluntary' inquiry . . . is to determine whether the defendant actually *does* understand the significance and consequences of a particular decision and whether the decision is uncoerced." *Godinez*, 509 U.S. at 401 n.12. Here, the trial court engaged Asberry in a lengthy colloquy regarding the consequences of self-representation, and Asberry does not challenge the sufficiency of the trial court's admonishments or its warnings about the dangers of self-representation—factors that traditionally are analyzed to determine if a waiver is "knowing and intelligent." *See, e.g.*, *United States v. Farhad*, 190 F.3d 1097, 1100 (9th Cir. 1999) (per curiam) (discussing the requirement that a waiver be knowing, intelligent, and unequivocal). Moreover, the record suggests that Asberry's decision to forgo representation was the result of a deliberate thought process. Aside from any concerns he had about his counsel, Asberry decided to proceed pro per to ensure that his trial proceeded on an

4

expedited pace. In fact, the record shows that Asberry was willing to accept new counsel if his trial schedule would not change. *Id.* But when the court informed him that he was unlikely to find qualified counsel on short notice, Asberry again opted to proceed pro per. *Id.* The record therefore indicates that Asberry rationally weighed the benefits of proceeding with counsel on a delayed schedule against the benefits of a speedy trial and elected the latter. Consequently, the trial court's determination that Asberry's waiver was voluntary has not been "rebutted by clear and convincing evidence" and was not "based on an unreasonable evidentiary foundation." *See McCormick v. Adams*, 621 F.3d 970, 977 (9th Cir. 2010). Without any further insight into how Asberry's psychosis may have affected his decision-making process, the record supports the conclusion that the denial of habeas relief was not objectively unreasonable.

Because the state court's determination was not "contrary to, or . . . an unreasonable application of, clearly established Federal law [or] based on an unreasonable determination of the facts in light of the evidence presented," 28 U.S.C. § 2254(d), the district court did not err in denying the petition.

AFFIRMED.

*Asberry v A. K. Scribner 09-15141*

BERZON, Circuit Judge, dissenting:

I respectfully dissent.

The Supreme Court has unequivocally held that "when a defendant seeks to waive his right to counsel, a determination that he is competent to stand trial is not enough; the waiver must *also* be intelligent and voluntary before it can be accepted." *Godinez v. Moran*, 509 U.S. 387, 402 (1993) (emphasis added). Yet, the majority maintains that Asberry's mental state is pertinent only to the competency inquiry. The majority then concludes, as to that inquiry, that the "the trial judge considered Asberry's competency to proceed without counsel and determined that Asberry was competent to waive counsel." Maj. op. at 3. In so ruling, the majority collapses *Godinez*'s holding—that "competen[cy] to stand trial" and "intelligent and voluntary" waiver are two *separate* requirements that must *both* be met before a defendant can proceed to trial without counsel, 509 U.S. at 401-02—into a single inquiry where any mental state question is raised. I see no basis for this merger in *Godinez*.

The majority, moreover, glosses over the strength of Asberry's state court record. In assessing waiver of counsel, the purpose of the voluntariness inquiry is to determine "whether the decision is uncoerced." *Id.* at 401 n.12. The state court post-conviction record corroborates Asberry's claim that the government

compelled him to waive counsel when it refused to treat his paranoid schizophrenia, which, in turn, caused Asberry fundamentally to distrust, misjudge, and ultimately proceed without his defense attorney.

Asberry submitted three categories of evidence supporting his state habeas petition. First, Asberry's medical records from the Fresno County Mental Health Services, predating his arrest and incarceration, documents a history of paranoid schizophrenia, auditory hallucinations, and prescription of antipsychotic drugs. Second, the transcript of the August 16, 1999 hearing in which Asberry waived counsel reflects his deep yet unfounded distrust of his attorney. Asberry accused his attorney of secretly sharing witness information with the prosecutor, an allegation that both defense counsel and the prosecutor adamantly denied, pointing out that no witness information had yet been exchanged at all. Third, Asberry submitted with his post-conviction relief application a September 9, 1999 inmate grievance form. The form complains of prison staff's refusal to treat him for the voices he heard in his head, despite his repeated requests for treatment, on multiple, specified dates both preceding and following his August 16, 1999 hearing. In light of this evidence, and assuming the truth of his allegations, *see People v. Duvall*, 9 Cal. 4th 464, 474-75 (1995), Asberry established a sufficient prima facie case that the refusal to treat his mental illness left him unable to waive

counsel voluntarily. The state court determination to the contrary was not a reasonable application of *Godinez* and *Faretta v. California*, 422 U.S. 806 (1975), which constitute clearly established Supreme Court law.

The majority's contrary conclusion rests on three mistakes. First, the majority misstates the record when it asserts that the trial court evaluated Asberry's mental condition in determining his competence to waive counsel or addressed the voluntariness of his waiver. There is no evidence that the trial court was even *aware* of Asberry's history of mental illness or current efforts to receive mental health treatment. *Cf. United States v. Christensen*, 18 F.3d 822, 826 (9th Cir. 1994).

Second, the majority maintains that Asberry's decision to forego representation was the result of a "deliberate thought process," maj. op. at 4, and so voluntary. But conscious deliberation is not synonymous with uncoerced decision-making, and there is clear Supreme Court law that *both* competency and voluntariness are necessary. When an individual's ability to evaluate without delusions the representation he has been receiving is impaired by his mental illness, his ensuing "deliberate thought process" concerning whether to proceed with new counsel on a delayed schedule does not substitute for a non-delusional evaluation—one unimpaired by psychotic mental processes—of the overall

3

situation.

Third, the majority maintains that without expert evidence regarding how his psychosis affected his decision, Asberry could not state a prima facie case that his waiver of counsel was involuntary. But the pleadings do lay out the connection between the failure to provide requested mental health treatment and Asberry's decision-making process: he reported having paranoid thoughts, and, at the hearing, premised his distrust of his lawyer, and consequent decision to proceed pro se, on non-existent events. It does not take an expert to connect those dots for purposes of determining whether a prima facie case has been established, nor is there any Supreme Court case law stating special expert evidence requirements for mental health allegations.

Because the Supreme Court has clearly held that a defendant's waiver of counsel must be voluntary, *see Godinez*, 509 U.S. at 400-02; *Faretta*, 422 U.S. 806, and the state appellate court unreasonably applied this precedent in light of the record before it, we should remand for the district court to decide the merits of the question whether Asberry in fact did not exercise a voluntary waiver when he decided to proceed without counsel, after appropriate evidentiary development. *See Panetti v. Quarterman*, 551 U.S. 930, 953 (2007); *Greenway v. Schriro*, 653 F.3d 790, 805-06 (9th Cir. 2011); *Frantz v. Hazey*, 533 F.3d 724, 733-35, 745 (9th

4

Cir. 2008) (en banc).